**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

CHRISTOPHER HARTLEY,                    )
                                        )
      Plaintiff,                       )
                                        )
v.                                      )          Case No. CIV-24-153-J
                                        )
CHEYENNE TUBBS, et al.,                 )
                                        )
      Defendants.                      )

<u>**ORDER**</u>

Plaintiff filed suit against Defendants Cheyenne Tubbs, Scott Burgess, Ian Druce, and Chief James T. Smith alleging constitutional and state law violations arising from his detention at Lawton County Jail (LCJ). (Amend. Compl.) [Doc. No. 22]. In a previous Order, the Court dismissed Plaintiff's Fourth and Eighth Amendment claims in Count Two, with prejudice, but the same allegations, construed as arising under the Fourteenth Amendment, survived. *See* [Doc. No. 27]. Thereafter, the parties entered a joint stipulation of dismissal, dismissing Defendants Tubbs and Druce entirely, and dismissing the 42 U.S.C. § 1983 claims against Defendants Smith and Burgess for denial of medical care. [Doc. No. 50]. Thus, the only remaining claims are against Defendants Smith and Burgess, in their individual capacities, for (1) intentional infliction of emotional distress, and (2) deliberate indifference under the Fourteenth Amendment.

Now pending is Defendant Burgess's motion for summary judgment (Def.'s Mot.) [Doc. No. 57], to which Plaintiff has responded (Pl.'s Resp.) [Doc. No. 66] and Defendant Burgess replied [Doc. No. 72]. For the reasons discussed below, Defendant Burgess's motion is GRANTED IN PART and DENIED IN PART.

## I.    Standard for Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  To determine whether this standard is met, the Court views the evidence in the light most favorable to the non-moving party.  *See Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).  "[T]he plain language of Rule 56(c) mandates entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## II.    Undisputed Facts

Plaintiff was arrested on November 26, 2021 and booked into the LCJ.  He was experiencing suicidal ideations and was placed on suicide watch in Cell #19 at approximately 3:59 p.m.  Per suicide prevention policy, Plaintiff's clothing was removed and he was denied access to a mat or blanket.  As LCJ was out of paper gowns, Plaintiff remained naked in his cell.  Later that afternoon, LCJ officials required use of Cell #19 for a combative female and Defendant Burgess transferred Plaintiff from Cell #19 to Cell #17.  Defendant Burgess did not provide Plaintiff with a blanket and transferred him naked.  Plaintiff had to pass several other detainees, including one who laughed and mocked Plaintiff during the transfer.  A female deputy turned her back but watched Plaintiff as he walked behind her for her own safety.  Plaintiff denied further suicidal ideation that evening, and at approximately 1:50 a.m. on November 27, 2021, Plaintiff was

provided with a blanket.[1]  At approximately 5:28 p.m. the same day, Plaintiff was provided with a mattress.  He was transferred from LCF on November 30, 2021.

Following an internal investigation, Defendant Smith suspended Defendant Burgess for transferring Plaintiff while naked, as it violated policy calling for all arrested individuals to be treated with as much dignity as possible and with a minimum of embarrassment.

## III.    Analysis

### A.     Intentional Infliction of Emotional Distress

Turning first to his state law claim, Plaintiff alleges that Defendant Burgess is liable for intentional infliction of emotional distress.  To succeed at this stage, Plaintiff must show that (1) Defendant Burgess acted intentionally or recklessly; (2) his conduct was extreme and outrageous; (3) the conduct caused Plaintiff emotional distress; and (4) the emotional distress was severe.  *See Durham v. McDonald's Restaurants of Oklahoma, Inc.*, 256 P.3d 64, 66 (Okla. 2011).

Defendant Burgess admits that he transferred Plaintiff from Cell #19 to Cell #17 while Plaintiff was naked but argues that Plaintiff lacks sufficient evidence to prove all four elements of his intentional infliction of emotional distress claim.  *See* Def.'s Mot. at 20-23.  The Court disagrees.

Defendant Burgess first challenges Plaintiff's ability to prove that he had the intent to inflict emotional distress.  *See id.* at 20.  But Plaintiff avers that when he asked Defendant Burgess for a blanket, the officer "chuckled and said, let's go."  *Id.*, Ex. 1 at 6.  And Officer Tubbs testified that Defendant Burgess "would go out of his way to make inmates feel uncomfortable."  Pl.'s

---

[1] Plaintiff alleged that when he finally received a blanket, LCJ officials played the song "You're Welcome" from the Disney movie Moana, causing humiliation.  Amend. Compl. at 3.  But in his deposition testimony Plaintiff acknowledges that neither Defendant Smith nor Defendant Burgess were involved in this conduct.  *See* Pl.'s Resp., Ex. 1 at 3 (admitting Plaintiff never interacted with Defendant Smith), 11 (acknowledging that Defendant Burgess was not involved in the incident).

Resp. at 8 & Ex. 2 at 19, Ex. 5 at 10.  Taken together, this evidence creates a genuine material dispute regarding Defendant Burgess's intent.

On the second element, "[t]he test is whether the conduct is so extreme in degree as to go beyond all possible bounds of decency, and is atrocious and utterly intolerable in a civilized community." *Durham*, 256 P.3d at 67.  To survive summary judgment, Plaintiff must prove that "recitation of [Defendant Burgess's] conduct to an average member of the community would arouse the listener's resentment against [Defendant Burgess] and would lead the listener to exclaim 'Outrageous!'" *Computer Publications, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002) (cleaned up).

Defendant Burgess believes that Plaintiff cannot meet this standard because he was in jail rather than a public place and no females watched the transfer.  *See* Def.'s Mot. at 21.  On this issue, the Court finds that reasonable persons may differ.  *See Welton*, 49 P.3d at 735 (noting that while the court serves as a gatekeeper on the second and fourth elements, once reasonable persons could differ, it is for the jury to determine).  On one hand, the Court agrees that the location (jail rather than a public place), time (10-12 seconds), and distance (20-25 feet) work to diminish the outrageousness of Defendant Burgess's conduct.  However, numerous individuals did witness Plaintiff's nakedness, including a female officer and several detainees.  Moreover, Officer Tubbs encouraged Defendant Burgess to provide Plaintiff with a blanket for the transfer, and he declined to do so, potentially with the intention of causing Plaintiff's humiliation.  This conduct could cause an average community member to exclaim "Outrageous!"

On the third and fourth elements, Defendant Burgess challenges Plaintiff's ability to prove that being transferred naked caused *any* emotional distress, much less *severe* emotional distress, citing the many personal stresses Plaintiff was already experiencing.  *See* Def.'s Mot. at 21-23.

4

The Tenth Circuit has concluded that "factors for determining whether emotional distress is sufficiently severe include: whether the plaintiff experienced physical symptoms as a result of the distress; whether the plaintiff sought medical attention for either physical symptoms or the emotional distress itself; and whether the distress caused a disruption to the plaintiff's daily affairs." *Mengert v. United States*, 120 F.4th 696, 713 (10th Cir. 2024).

Here, Plaintiff testified that his distress was so severe that – had he known he would have to endure it – he would have killed himself rather than allowing himself to be taken into custody. *See* Pl.'s Resp., Ex. 6 at 10-11.  Plaintiff avers that he continues to have nightmares about the incident, and his distress is exacerbated because inmates at his current facility learned of the incident and continue to harass him calling him "[t]he naked dude." *Id.*, Ex. 6 at 11-12.  And while Plaintiff admits that his anxiety and depression are also related to his criminal charges, he believes that the primary source of his emotional turmoil is related to Defendant Burgess's treatment of him.  *See id.*, Ex. 6 at 14-16.  Finally, Plaintiff testified in his deposition that he has sought psychiatric treatment and has been prescribed Seroquel for his nightmares, Wellbutrin and hydroxyzine for his anxiety, and prazosin for sleep.  *See id.*, Ex. 6 at 16.  While some reasonable jurors may find this distress insufficiently severe, or that it is related primarily to Plaintiff's personal stresses, others could disagree.  *See, e.g., McLaughlin v. Bd. of Regents of Univ. of Oklahoma*, 566 F. Supp. 3d 1204, 1217 (W.D. Okla. 2021) (finding plaintiff stated a valid claim for intentional infliction of emotional distress by alleging "severe emotional distress, sleeplessness, anxiety, embarrassment, injury to her reputation, and humiliation"); *Johnson v. Rent-A-Center, East, Inc.*, No. CIV-07-39-M, Doc. No. 33 (W.D. Okla. Aug. 29, 2007) (denying defendant's motion for summary judgment and concluding that plaintiff's evidence that she suffered "a loss of sleep, fear, anxiety and vomiting" was sufficient to create a genuine dispute as to whether her

distress was sufficiently severe).  As such, the Court finds that Plaintiff has provided sufficient evidence to create a genuine issue of material fact as to whether his emotional distress was so severe no reasonable man could be expected to endure it.  Accordingly, the Court DENIES Defendant Burgess's motion for summary judgment on Plaintiff's intentional infliction of emotional distress claim.

**B.      Plaintiff's § 1983 Claim Related to the Denial of a Mat, Blanket, and Clothing While in a Cell**

Initially, Plaintiff alleged that the LCF officers' refusal to provide him with a mat, blanket, and clothing, while he was in a cell, violated his constitutional rights.  *See* Amend. Compl. at 6-7. It is unclear if that claim remains.  Plaintiff now appears to rely only on Defendant Burgess's transferring him from Cell #19 to Cell #17 while naked to support his § 1983 claim.  *See* Def.'s Mot., Ex. 1 at 24-25 (Plaintiff's deposition testimony that he agreed removing a detainee's clothing, etc. was proper if that detainee was suicidal and reporting that he had "no problem" with his clothing being removed while on suicide watch); *see also* Pl.'s Resp. at 14-18 (arguing only that Defendant Burgess's decision to transfer Plaintiff naked violated the Fourteenth Amendment). To the extent the claim remains, Defendant Burgess is entitled to summary judgment.  *See Coit v. Garman*, 812 F. App'x 83, 87 (3d Cir. 2020) (finding the temporary denial of clothing, sheets, and blankets for a suicidal inmate was rationally related to a legitimate penological interest and finding no constitutional violation in the same); *Smith v. Copeland*, 892 F. Supp. 1218, 1230 (E.D. Mo. 1995) (granting summary judgment to prison officials where the evidence established that detainee was denied, "for approximately 48 hours," "clothing, bedding, toilet paper, toothbrush, soap or water" in part because the inmate was on suicide watch), *aff'd*, 87 F.3d 265 (8th Cir. 1996).

### C.    Plaintiff's § 1983 Claim Related to his Transfer While Naked

Plaintiff's allegation that Defendant Burgess violated his constitutional rights in transferring him naked implicates his right to personal privacy under the Fourteenth Amendment. *See Griffith v. El Paso Cnty., Colorado*, 129 F.4th 790, 824-825 (10th Cir. 2025). As the Tenth Circuit has noted, "[a]lthough inmates' right to privacy must yield to the penal institution's need to maintain security, it does not vanish altogether." *Id.* (cleaned up). Indeed, "[t]he Constitution protects a prisoner from being forced to unnecessarily expose their naked body which, as we have held, is a severe invasion of personal privacy." *Id.* (same). To succeed then, Plaintiff need only prove that "the exposure of his body was not rationally related to a legitimate governmental objective or [was] excessive in relation to that purpose." *Id.* (same).

### 1.    Exhaustion

Before turning to the merits, the Court addresses Defendant Burgess's argument that Plaintiff failed to exhaust his administrative remedies as to this claim. *See* Def.'s Mot. at 33-35. On this defense, his motion for summary judgment is DENIED.

The Prison Litigation Reform Act (PLRA)'s exhaustion requirement is an affirmative defense. *See Jones v. Bock*, 549 U.S. 516, 532 (2007). As such, it is Defendant Burgess's "burden of asserting and proving failure to exhaust." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). Defendant has waived that defense and, alternatively, failed to prove it.

Defendant Burgess first raised an exhaustion defense in his motion to dismiss but argued only that Plaintiff had failed to plead the defense in his Amended Complaint. *See* [Doc. No. 23 at 12-13]. The Court rejected that argument as inconsistent with well-established Supreme Court law. *See* [Doc. No. 27 at 8]. Thereafter, Defendant Burgess did not raise exhaustion as an affirmative defense in his Answer. *See* [Doc. No. 29]. Accordingly, Defendant Burgess has

7

waived the exhaustion defense. *See Mostafa v. Bondi*, No. 20-CV-00694-PAB-MDB, 2025 WL 2734116, at *11 (D. Colo. Sept. 25, 2025) (holding defendants waived the PLRA exhaustion defense by failing to raise it in their answer).

Denial of summary judgment would be warranted regardless. Defendant Burgess – who bears the burden – does not provide any evidence that LCJ even has an administrative grievance policy, much less what it requires. *See* Def.'s Mot., *passim*. Thus, Plaintiff's admission that he did not file a grievance, *see id.* at 17, is irrelevant.

For both reasons, Defendant Burgess's request for summary judgment based on Plaintiff's failure to exhaust his administrative remedies is DENIED.

### 2.    Fourteenth Amendment Violation

Turning now to the merits, Defendant Burgess's motion for summary judgment is again DENIED. Defendant claims that he had a legitimate penological interest in denying Plaintiff a blanket for the transfer because Plaintiff admitted he was still suicidal. *See* Def.'s Mot. at 24-26. But Officer Tubbs believed that Plaintiff should have been given something to cover with, *see* Pl.'s Resp., Ex. 2 at 8, and Defendant Burgess admitted that had Plaintiff attempted to tear up the blanket and commit suicide in the 10-12 seconds it took for the transfer, he could have simply "removed [the blanket] from him." *Id.*, Ex. 2 at 47. Construing the evidence in Plaintiff's favor, Defendant Burgess has failed to demonstrate, for purposes of summary judgment, that he had a *legitimate* penological interest in moving Plaintiff naked, particularly where an alternative existed, and/or that his decision to move Plaintiff naked was excessive in relation to his admission that he was still suicidal. *See Shroff v. Spellman*, 604 F.3d 1179, 1191 (10th Cir. 2010) (finding officer violated detainee's constitutional right to privacy when he required her to expose her breasts to a female staff member, for the purposes of expressing milk for her infant, in part because the officer had

8

alternative means to prevent any attempt to escape, including placing a guard outside a private conference room); *see also Colbruno v. Kessler*, 928 F.3d 1155, 1165 (10th Cir. 2019) (finding officers violated detainee's constitutional rights in transferring him down a hospital hall while naked, in part because plaintiff's evidence suggested there was no emergency and an alternative, i.e., acquiring replacement clothing, was available).   Thus, Defendant Burgess's motion for summary judgment on Plaintiff's Fourteenth Amendment claim arising from being transferred while naked is DENIED.

### 3.    Qualified Immunity

Defendant Burgess next seeks summary judgment on grounds that he is entitled to qualified immunity.  *See* Def.'s Mot. at 29-32.  Again, the Court DENIES relief.

"When a defendant in a § 1983 action raises the defense of qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."  *Coones v. Bd. of Cnty. Commissioners of Unified Gov't of Wyandotte Cnty./Kansas City, Kansas*, 166 F.4th 1, 16 (10th Cir. 2026) (cleaned up).  The Court has already rejected Defendant's arguments that his actions did not violate Plaintiff's constitutional rights.  *See supra* at 8-9.  Thus, it turns its attention to whether Plaintiff's right to personal privacy under the Fourteenth Amendment was clearly established in November 2021.

"To determine whether the right was clearly established, we ask whether the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  *Coones*, 166 F.4th at 16 (cleaned up).  "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the

9

plaintiff maintains.  The plaintiff is not required to show, however, that the very act in question previously was held unlawful to establish an absence of qualified immunity."  *Id.* (same).

With this guidance, the Court finds that it was clearly established in November 2021 that "parading someone nude in public" is governed by clearly established law.  *Colbruno*, 928 F.3d at 1165-66 (denying qualified immunity); *see also Shroff*, 604 F.3d at 1191 (holding, in 2010, that officer violated detainee's "right to personal privacy by requiring her to expose her breasts"); *O'Neal v. Bd. of Cnty. Commissioners of Cnty. of Fremont*, No. 16-CV-01005-TMT-KLM, 2020 WL 2526782, at *7 (D. Colo. May 18, 2020) (rejecting a qualified immunity defense and holding that "[i]t was clearly established in December 2013 that the Fourth Amendment protects an individual's right to privacy, and that in a civilized society, one's anatomy is draped with constitutional protections absent exigent circumstances" and noting "there are searches more intrusive than the exposure of one's body in a public place, but we are hard-pressed to think of more than a few" (cleaned up)).

### 4.    Damages

Finally, Defendant Burgess seeks summary judgment "on all damages claims against him," arguing that Plaintiff cannot collect compensatory damages under the PLRA and is not entitled to punitive damages.  *See* Def.'s Mot. at 35-40.  Relief is GRANTED IN PART and DENIED IN PART.

### a.    PLRA Damages

Initially, the Court must reject Plaintiff's claim that the PLRA does not apply in this circumstance.  *See* Pl.'s Resp. at 19-20.  The PLRA applies to suits filed by prisoners challenging prison conditions.  *See generally* 42 U.S.C. § 1997e.  A "prisoner" is defined as "any person incarcerated or *detained* in any facility who is accused of, convicted of, sentenced for . . . violations

of criminal law." § 1997e(h) (emphasis added).  The undisputed facts establish that Plaintiff had been arrested on criminal charges and was a pre-trial detainee at the LCJ when these events occurred.  Thus, the PLRA controls.

Defendant is correct that the PLRA precludes compensatory damages without a prior showing of physical injury.  *See Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001).  And "emotional injuries," even if they have "a physical impact on Plaintiff's health – such as loss of sleep" are "insufficient to withstand the physical injury requirement of the PLRA."  *Griffin v. Ortiz*, No. 24-CV-00602-CNS-STV, 2025 WL 1071361, at *11 (D. Colo. Jan. 6, 2025) (cleaned up), *adopted*, 2025 WL 925846 (D. Colo. Mar. 27, 2025); *see also Beach v. Wyoming Dep't of Corr.*, No. 24-CV-00099-KHR, 2024 WL 6070341, at *3 (D. Wyo. Aug. 30, 2024) (holding that plaintiff's "fright, grief, paranoia, delusions, and nightmares" did not "fall within the [PLRA's] physical-injury requirement"), *aff'd*, No. 24-8063, 2025 WL 1860401 (10th Cir. July 7, 2025).  Therefore, the Court GRANTS Defendant's motion for summary judgment to the extent Plaintiff seeks compensatory damages for the alleged Fourteenth Amendment violation.  Notably, this holding does not apply to damages that may be available on Plaintiff's intentional infliction of emotional distress claim, as it does not fall under the PLRA.  *See* § 1997(e)(a); *see also Goich v. Cnty.*, No. 2:18-CV-00731-JNP-DBP, 2025 WL 552065, at *4 (D. Utah Feb. 19, 2025) ("Of note, the PLRA . . . only applies to federal claims.").

However, the PLRA "does not require a prior showing of physical injury for nominal or punitive damages based on violations of a prisoner's constitutional rights."  *Searles v. Van Bebber*, 251 F.3d 869, 881 (10th Cir. 2001) (explaining that jury verdict finding constitutional violation without any physical injury entitles plaintiff to award of nominal damages and observing that physical-injury requirement does not preclude punitive damages).  Thus, Defendant Burgess's

11

motion for summary judgment "on all damages claims" under the PLRA, *see* Def.'s Mot. at 37, is DENIED.

### b.    Punitive Damages

Defendant also seeks summary judgment on Plaintiff's request for punitive damages. *See id.* at 37-38.

Punitive damages are recoverable against a defendant sued in his individual capacity under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Eisenhour v. Cnty.*, 897 F.3d 1272, 1280–81 (10th Cir. 2018) (cleaned up). "Reckless or callous indifference requires that the defendant have acted in the face of a perceived risk that [his] actions will violate federal law." *Id.* at 1281 (same).

Construing the facts in Plaintiff's favor, Defendant's motion for summary judgment is DENIED. Plaintiff has presented sufficient evidence that (1) Officer Tubbs encouraged Defendant Burgess to allow Plaintiff a blanket during his cell transfer, (2) Defendant Burgess laughed at Plaintiff's request for a blanket, and (3) Defendant Burgess was known to "go out of his way to make inmates feel uncomfortable." *Supra* at 3-4. Plaintiff has also established that in November 2021, Defendant Burgess should have reasonably known that requiring Plaintiff to transfer cells while naked would violate his constitutional rights. *See id.* at 9-10. Thus, for purposes of summary judgment, the Court finds that Plaintiff has sufficiently established that Defendant Burgess acted recklessly or with callous indifference to Plaintiff's federally protected rights. *See Jack v. Axiom Strategies, LLC*, No. 22-CV-0412-CVE-MTS, 2023 WL 4440281, at *6 (N.D. Okla. July 10, 2023) (denying a motion for summary judgment where "[a] jury could find, based on plaintiff's allegations, that defendants acted in reckless disregard for the rights of others").

IV.    **Conclusion**

Relying on the undisputed facts and construing them in Plaintiff's favor, the Court GRANTS Defendant Burgess's motion for summary judgment [Doc. No. 57] on (1) any remaining claim that Plaintiff's short-term placement in a cell without a mat, blanket, or clothing – while he was on suicide watch – violated the Fourteenth Amendment, and (2) Plaintiff's request for compensatory damages related to the remaining federal claim.  In all other aspects, Defendant Burgess's motion is DENIED.

IT IS SO ORDERED this 25th day of March, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

13